IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| ROY D. CHEESMAN and RUTH ANN FERNANDEZ CONDE (CHEESMAN), | ) ) ) | No. 36985-4-III (consolidated w/ No. 37146-8-III) |
| Appellants, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| KITTITAS COUNTY SUPERIOR COURT SPECIAL ASSISTANT ATTORNEY GENERAL CHRISTOPHER THOMAS HERION, | ) ) ) ) ) | |
| Respondent. | ) | |

PENNELL, C.J. — Roy Cheesman and Ruth Ann Conde Cheesman have filed pro se appeals of the dismissal of various claims against Special Assistant Attorney General Christopher Herion, including a vexatious litigant finding against Mr. Cheesman. We affirm.

FACTS

Roy Cheesman and Ruth Ann Conde Cheesman have three children. The Washington State Department of Social and Health Services filed dependency petitions for all three children in early 2017 after one child attended school with a black eye and

all three children reported their father had hit them. Christopher Herion was a special assistant attorney general who prosecuted the petitions on behalf of the State.

The trial court ultimately dismissed the dependency petitions. Though the court found sufficient evidence to place the children outside of the home, the evidence did not establish they were dependent.

By mid-2019, the Cheesmans had filed seven lawsuits against parties who participated in the dependency proceedings, including Mr. Herion. Mr. Cheesman also submitted a grievance regarding Mr. Herion to the Washington State Bar Association, which it promptly dismissed.

Mr. Herion moved to dismiss Mr. Cheesman's claims against him as a matter of law pursuant to CR 12(b)(6). Of Mr. Cheesman's claims, the trial court dismissed 10:

| | | |
|---|---|---|
| a. | Conspiracy Against Rights, 18 U.S.C. § 241; | |
| b. | Deprivation of Rights, 18 U.S.C. § 242; | |
| c. | Malicious Prosecution—Abuse of Process, RCW 9.62; | |
| d. | Tampering with Physical Evidence, RCW 9A.72.150; | |
| e. | Spoliation of Evidence, RCW 33.36.060; | |
| f. | Assault of a Child, RCW 9A.36.120; | |
| g. | False and Misleading Statements to a Public Servant, RCW 9A.76.175; | |
| h. | False Reports, RCW 42.20.040; | |
| i. | Suppressing, secreting, or destroying evidence or records, RCW 33.36.060; [and] | |
| j. | Unprofessional conduct, RCW 18.235.130. | |

Clerk's Papers at 163-64. Mr. Cheesman timely appealed this dismissal.

Mr. Cheesman also sought to have Mr. Herion and his attorney held in contempt and moved for a CR 26(f) discovery conference. Mr. Cheesman did not submit any discovery requests to Mr. Herion prior to requesting the discovery conference. The trial court denied Mr. Cheesman's contempt and discovery motions. Mr. Cheesman timely appealed the court's discovery decision.

Mr. Herion then moved, pursuant to CR 56(b), for summary judgment dismissal of Mr. Cheesman's remaining claims and asked that Mr. Cheesman "be declared a vexatious litigant." *Id*. at 234. Mr. Cheesman's surviving claims arose under 42 U.S.C. § 1983.

After considering the submissions of the parties, and hearing oral argument, the trial court dismissed Mr. Cheesman's complaint with prejudice. It also found Mr. Cheesman to be a vexatious litigant and ordered him "to obtain judicial approval before filing any new complaint against any party relating to the dependency petitions." *Id*. at 832. Mr. Cheesman timely appealed the summary judgment order and the vexatious litigant finding. The trial court then granted leave for Ms. Cheesman to be joined as a party. By an amended notice of appeal, Ms. Cheesman joined Mr. Cheesman in seeking review of the summary judgment order and vexatious litigant finding.

The appeals of the CR 12 dismissal, the discovery decision, and the CR 56 summary judgment have been consolidated as part of the instant appeal.

3

ANALYSIS

Pro se litigants are held to the same standards as attorneys and must comply with the rules of appellate procedure. *In re Marriage of Olson*, 69 Wn. App. 621, 626, 850 P.2d 527 (1993). Failure to do so may preclude review. *State v. Marintorres*, 93 Wn. App. 442, 452, 969 P.2d 501 (1999). An appellant must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6). Arguments unsupported by references to the record or citations to authority need not be considered. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). "It is not the responsibility of this court to attempt to discern what it is appellant may have intended to assert that might somehow have merit." *Port Susan Chapel of the Woods v. Port Susan Camping Club*, 50 Wn. App. 176, 188, 746 P.2d 816 (1987).

The Cheesmans' briefing fails to meet the foregoing requirements. Their 27 assignments of error are nearly impossible to interpret. The factual statements contained in their briefing are not supported by citation to the record.

In general, Mr. Herion's work as an attorney for the State provides him immunity from civil liability. *See Musso-Escude v. Edwards*, 101 Wn. App. 560, 567-74, 4 P.3d 151 (2000). The Cheesmans' briefing does not show otherwise. It is not the role of this court

4

to search out legal authority to support the position of a party on appeal. We therefore

decline further review.

## CONCLUSION

The orders on appeal are affirmed.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Lawrence-Berrey, J.